# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THOMAS M. MCCUE,**
        **Plaintiff,**

     v.                                    Case No. 05C1083

**LOOMIS FARGO & COMPANY,**
        **Defendant.**

---

## DECISION AND ORDER

     Plaintiff Thomas M. McCue brings this age discrimination claim against defendant Loomis Fargo & Company, his former employer. Plaintiff also brings a supplemental state law claim alleging that defendant wrongfully discharged him for filing a worker's compensation claim. Before me now is defendant's motion to dismiss plaintiff's supplemental claim. Under Fed. R. Civ. P. 12(b)(6), I may grant defendant's motion only if plaintiff can prove no set of facts in support of his claim that would entitle him to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addressing the motion, I take all facts and reasonable inferences therefrom in the light most favorable to plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

     Defendant argues that I must grant its motion because Wisconsin law does not recognize a cause of action for wrongful discharge where an individual is fired for filing a worker's compensation claim. See Hoeller v. Eaton Corp., 149 F.3d 621, 625 (7th Cir. 1998); Brown v. Pick 'n Save Food Stores, 138 F. Supp. 2d 1133, 1139-44 (E.D. Wis. 2001). Plaintiff agrees that these cases are on point but argues that "the time has come for the court to provide a common law remedy" for the wrong in question. (Pl.'s Br. at 4.)

In Brown, I indicated that while the Wisconsin Supreme Court might provide such a remedy in the future and while there might be good arguments in favor of its doing so, based on the present state of the law it was inappropriate for me to predict that it would do so. I noted that federal courts are to be circumspect in expanding the law of a state beyond the boundaries established in the jurisprudence of the state. Id. at 1144. Since I decided Brown, Wisconsin law has not changed. Thus, for the reasons stated in Brown, I decline to predict that Wisconsin courts will expand the state's wrongful discharge law to allow claims such as plaintiff's to proceed.

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss plaintiff's supplemental state law claim is **GRANTED.**

Dated at Milwaukee, Wisconsin this 14 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

2

Case 2:05-cv-01083-LA   Filed 06/14/06   Page 2 of 2   Document 19